**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
CRESCENT BEACH CLUB, LLC,
333 BAYVILLE AVENUE RESTAURANT CORP.,
and JAMES SCOROPOSKI

                    Plaintiffs,

              - against -

INDIAN HARBOR INSURANCE COMPANY,

                    Defendant.
-------------------------------------------------------------X

**JUDGMENT**
CV 18-5951 (SJF)(AKT)

An Order of the Honorable Sandra J. Feuerstein, United States District Judge, having

been filed on June 22, 2020; (i) granting the branch of the plaintiffs Crescent Beach Club, LLC,

333 Bayville Ave. Restaurant, Corp., and James Scoroposki, and Ocean Restaurant's ("the

Crescent Beach parties") cross motion seeking summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure dismissing defendant Indian Harbor Insurance Company's

counterclaim against Crescent Beach for reimbursement of past defense costs it incurred in the

underlying action; granting the Crescent Beach parties' summary judgment dismissing such

counterclaim in its entirety with prejudice; and otherwise denying the Crescent Beach parties'

cross motion in its entirety; (ii) denying the branch of defendant Indian Harbor Insurance

Company's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure on its counterclaim against Crescent Beach for reimbursement of past defense costs it

incurred in the underlying action; and (iii) otherwise granting defendant Indian Harbor Insurance

Company's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure; and granting defendant Indian Harbor Insurance Company judgment as a matter of

law: (A) declaring that Robert Flores's alleged injuries arise out of, or relate to, work excluded

by the Construction Exclusion in the Policy, and that defendant has no duty to defend or indemnify the Crescent Beach parties in the underlying action, and (B) dismissing the Crescent Beach parties' claims in this action in their entirety with prejudice; and directing the Clerk of the Court shall enter judgment in accordance with the June 22, 2020 Order and close this case, it is

**ORDERED AND ADJUDGED** (i) that the branch of the the Crescent Beach parties' cross motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing defendant Indian Harbor Insurance Company's counterclaim against Crescent Beach for reimbursement of past defense costs it incurred in the underlying action is granted; that the Crescent Beach parties' are granted summary judgment dismissing such counterclaim in its entirety with prejudice; and that the Crescent Beach parties' cross motion in is otherwise denied its entirety; (ii) that the branch of defendant Indian Harbor Insurance Company's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on its counterclaim against Crescent Beach for reimbursement of past defense costs it incurred in the underlying action is denied; and (iii) that defendant Indian Harbor Insurance Company's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is otherwise granted; that defendant Indian Harbor Insurance Company is granted judgment as a matter of law: (A) declaring that Robert Flores's alleged injuries arise out of, or relate to, work excluded by the Construction Exclusion in the Policy, and that defendant Indian Harbor Insurance Company has no duty to defend or indemnify the Crescent Beach parties in the underlying action, and (B) that the Crescent Beach parties' claims in this action are dismissed in their entirety with prejudice; and that this case is closed.

Dated:  June 22, 2020
       Central Islip, New York

                                         DOUGLAS C. PALMER
                                         CLERK OF THE COURT
                     BY:   /S/ JAMES J. TORITTO
                                         DEPUTY CLERK